```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
                                                            :
                                                            :
                                                            :   ORDER
In re DENTAL SUPPLIES ANTITRUST                             :
     LITIGATION                                             :   16 Civ. 696 (BMC) (GRB)
                                                            :
                                                            :   ALL CASES
                                                            :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Class plaintiffs have filed objections, pursuant to Federal Rule of Civil Procedure 72, to Judge Brown's May 23, 2017 Order granting defendant Henry Schein Inc.'s ("Schein") motion for a protective order precluding discovery into Schein's medical and animal health businesses. For the following reasons, class plaintiffs' Rule 72 objections are overruled and their motion to vacate is denied.

## BACKGROUND

Plaintiffs had previously served requests on defendants seeking discovery into their medical and veterinary businesses. Plaintiffs and Schein met and conferred about these requests many times over the course of nearly three months. These meet-and-confers did not resolve the disputes the parties had, and on May 8, 2017, Schein sought a protective order precluding discovery into its medical and veterinary businesses. Plaintiffs responded, explaining that the discovery sought was relevant "yardstick" data – data used to calculate damages by comparing the dental industry to comparable distribution markets unaffected by defendants' alleged collusion. Judge Brown granted Schein's motion for a protective order and precluded discovery

into the medical and veterinary records. Class plaintiffs' followed with their objections and their motion to vacate.

## DISCUSSION

Under Rule 72, on receiving timely objections to a magistrate judge's order on a non-dispositive matter, "[t]he district judge in the case must consider [the] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A factual finding is 'clearly erroneous' when the reviewing court 'on the entire evidence . . . is left with the definite and firm conviction that a mistake has been committed.'" In re Air Cargo Shipping Servs. Antitrust Litig., 931 F. Supp. 2d 458, 461 (E.D.N.Y. 2013) (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. at 462 (quoting DeFazio v. Wallis, 459 F. Supp. 2d 159, 162-63 (E.D.N.Y. 2006)). Rule 72(a) provides for "a highly deferential standard of review." Wynder v. McMahon, No. 99-cv-772, 2008 WL 111184, at * 1 (E.D.N.Y. Jan. 9, 2008) (internal quotation marks omitted). Moreover, Rule 72(a) "imposes a heavy burden on the objecting party" and "only permits reversal where the magistrate judge abused [his or her] discretion." Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Class plaintiffs argue that Judge Brown's Order is clearly erroneous and contrary to law in its determination that the discovery requested is mere contextual background material, rather than highly relevant yardstick data. They further take issue with Judge Brown's holding that the burden of producing such discovery outweighs any probative value that the sought-after discovery would have. Having reviewed plaintiffs' instant motion and the briefing submitted to Judge Brown, I find that Judge Brown's Order is in no way clearly erroneous, nor is it contrary

to law. Rather, Judge Brown's Order employs the proper analysis, balances the countervailing interests fairly, and is not an abuse of his discretion.

The crux of plaintiffs' appeals to this Court is how relevant they feel these medical and veterinary records are. To that end, they argue that in the analogous medical and veterinary markets, customers acquire similar and sometimes even identical products at substantially lower prices and gross margins, rendering the medical and veterinary distribution markets valuable yardstick markets for the dental distribution industry. They further argue that evidence of pricing in Schein's medical and animal distribution businesses is relevant to the question of whether defendants could have sustained their operations at lower margins. Plaintiffs moreover argue that, at the class certification stage, the requested medical and veterinary data would enable them to show how antitrust impact and damages can be proved through common evidence, and that in the merits phase, they and their experts would use that same data to prove impact and calculate the damages suffered by the putative class. Therefore, according to plaintiffs, the discovery requested is highly relevant.

On the other side of the analysis, the burden to Schein, plaintiffs somewhat cavalierly argue that the burden to Schein is "minimal" and not outweighed by the discovery's relevance to their case. They argue that Schein's estimate of 90 hours to obtain the data and two to three months to produce the medical and veterinary records is not a substantial burden: "Schein conceded that obtaining such data would occupy the large publicly-traded company for a mere 90 hours," and "[e]ven the two to three man months Schein contends it would take to collect the requested animal health data does not show a substantial burden that would outweigh the need for relevant yardstick data in this case."

3

Both of these arguments miss the mark, and I reject them for many of the same reasons that Judge Brown rightly rejected them. As to relevance, the requested discovery is, at best, tangentially relevant background. Plaintiffs undersell just how different the markets are and oversell the utility the discovery would provide. The customers served and the products sold differ across all three of Schein's businesses. First, unlike the dental market, the medical market includes large networks of hospitals, surgery centers, outpatient clinics, and physicians, and because health systems purchase in greater volume with centralized purchasing operations, Schein's per-unit medical costs are lower than their per-unit dental costs.

Second and similarly, veterinarian facilities are also larger with significant purchasing volume that have different per-unit costs than dental products. Thus, as Schein argued, while Schein's margin percentages may be lower for these customers, they generate greater gross margins in dollars. The difference between gross margins in dollars and percentages is a significant one, and plaintiffs' attempt to confuse the two is unavailing here.

Moreover, plaintiffs' arguments are without reference to the sort of costs that are built into Schein's dental offerings and that are not built into their medical and veterinary prices; for example, only Schein's dental business offers equipment service and repair, employing hundreds of equipment specialists, and this additional offering obviously would and does impact pricing for both dental equipment and supplies.

I also reject plaintiffs' arguments regarding the burdens imposed by the requested discovery. In the first instance, although plaintiffs recognize that there is a proportionality consideration, they do not engage with the correct balancing; rather, they rely on a single 2011 case from Kansas to support their entire argument that the burden is not significant, *i.e.*, a non-controlling case that pre-dates the amendment to Rule 26. More substantively, I need not look

4

further than Schein's motion for a protective order and the supporting declarations from Schein employees to be convinced that the requested discovery imposes a burden that is significantly disproportionate to the needs of this case. As Schein explained:

> As Mr. Gavin D'Souza and Mr. Michael Kahn describe in their declarations, collecting the requested data would divert substantial resources from Schein's business and require at least 90 hours of employee time to collect the medical data and over two months for the animal health data. The burden of collecting animal health data is further compounded by the fact that Schein's animal health business operates on a legacy system from Butler Animal Health (in which Schein acquired a majority interest in 2009), which is not compatible with other Schein systems or capable of in-depth data analytics.

Judge Brown did not err in crediting these statements. The costs arising from three months of document collection, in addition to the attorneys' costs for hosting and reviewing this additional content, would be substantial. Such a substantial cost may be worth it if the records at issue were substantially relevant to plaintiffs' case, but plaintiffs have entirely failed to show that. Instead, plaintiffs have only shown that the sought-after discovery is tangentially relevant and that the utility would be highly qualified at best.

## CONCLUSION

For the foregoing reasons, Judge Brown's Order is affirmed, plaintiffs' Rule 72 objections are overruled, and their motions to vacate [199] [200] are denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated:  Brooklyn, New York
　　　　June 10, 2017